# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **BART LARSEN,** | ) | |
| **No. R-65815,** | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 17−cv−558-MJR** |
| | ) | |
| **JOHN BALDWIN,** | ) | |
| **MATTHEW SWALLS, and** | ) | |
| **PENNY GEORGE,** | ) | |
| | ) | |
| **Defendants.** | | |

## MEMORANDUM AND ORDER

**REAGAN, Chief District Judge:**

Plaintiff Bart Larsen, an inmate in Vienna Correctional Center ("Vienna"), brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Plaintiff generally alleges that he was injured at Vienna (electrocuted) and did not receive proper treatment for the injury. (Doc. 1, p. 5). Plaintiff also brings vague claims directed against staff at working in Vienna's healthcare unit. *Id.* In the caption of his Complaint, Plaintiff identifies John Baldwin (the acting director of IDOC), Matthew Swalls (the warden of Vienna), and Penny George (a healthcare administrator at Vienna) as Defendants. (Doc. 1, pp. 1-2). However, the claims in the body of the Complaint are not connected with any of these individuals. Plaintiff seeks injunctive relief and monetary damages. (Doc. 1, p. 6).

This case is now before the Court for a preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening** – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

(b) **Grounds for Dismissal** – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–

> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
>
> (2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that any reasonable person would find meritless. *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

The Complaint does not survive preliminary review under this standard.

## The Complaint

Plaintiff's statement of claim is incredibly vague. (Doc. 1, p. 5). First, Plaintiff alleges that he was electrocuted because of negligent maintenance in a housing unit. *Id.* He contends that the injury associated with this electrocution is ongoing and has been ignored. *Id.* No further information is provided and the claim is not directed at any particular individual. *Id.* Plaintiff also lodges generic allegations against staff working in the healthcare unit. *Id.* He complains that healthcare staff employees refuse to treat preexisting conditions, charge for follow-up visits, and treat him as "less than human." Finally, Plaintiff complains that his grievances "to resolve concerns were ignored or delayed until emergency care was needed."

## Discussion

Plaintiffs are required to associate specific defendants with specific claims, so that defendants are put on notice of the claims brought against them and so they can properly answer the complaint. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); FED. R. CIV. P. 8(a)(2). *See also Hoskins v. Poelstra*, 320 F.3d 761, 764 (7th Cir. 2003) (a "short and plain" statement of the claim suffices under FED. R. CIV. P. 8 if it notifies the defendant of the principal events upon which the claims are based). Where a plaintiff has not included a defendant in his statement of the claim, the defendant cannot be said to be adequately put on notice of which claims in the complaint, if any, are directed against him. Furthermore, merely invoking the name of a potential defendant is not sufficient to state a claim against that individual. *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998). Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, "to be liable under § 1983, the individual defendant must have caused or participated in a constitutional deprivation." *Pepper v. Village of Oak Park*, 430 F.3d 805, 810 (7th Cir. 2005) (internal quotations and citations omitted). In order to state a claim against a defendant, a plaintiff must describe what each named defendant did (or failed to do), that violated the plaintiff's constitutional rights.

In the instant case, the Complaint does not include facts sufficient to suggest a violation of Plaintiff's constitutional rights. It is possible that the failure to treat Plaintiff's alleged injury (electrocution) and/or the injury itself amount to a constitutional violation. However, at present, the allegations are simply too vague to form an arguable basis for any claim. The same is true of Plaintiff's complaints about the healthcare unit and any alleged failure to respond to his grievances. Additionally, although three Defendants are identified in the caption of the Complaint, the Complaint does not associate any of the Defendants with any of the alleged

constitutional violations. As such, the Complaint fails to state a claim under § 1983 as to any of the identified Defendants.

In summary, Plaintiff's complaint does not survive review under § 1915A. Accordingly, the Complaint shall be **DISMISSED** without prejudice. Plaintiff shall be allowed an opportunity to submit an amended complaint, to correct the deficiencies in his pleading. Specifically, the amended complaint must provide enough detail to put each Defendant on notice as to the claims directed against him or her. Plaintiff should describe the "who, what, why, where, and how" that form the basis of his claims and he must associate specific claims with specific defendants.

If the amended complaint still fails to state a claim, or if Plaintiff does not submit an amended complaint, the entire case shall be dismissed with prejudice, and the dismissal shall count as a strike pursuant to § 1915(g). The amended complaint shall be subject to review under § 1915A.

### Pending Motions

Plaintiff has filed a Motion for Recruitment of Counsel (Doc. 3). The dismissal of the Complaint without prejudice raises the question of whether Plaintiff is capable of drafting a viable amended complaint without the assistance of counsel.

Plaintiff's Motion states that he has some college education and that he does not know how to proceed in a legal action. Plaintiff indicates that he has been unable to obtain an attorney on his own because he is indigent and incarcerated. Plaintiff does not provide further detail with regard to his attempts to retain counsel. Plaintiff also provides a list of medications he is currently taking. However, Plaintiff does not suggest that any of the medications cause any sort of cognitive impairment.

There is no constitutional or statutory right to counsel in federal civil cases. *Romanelli v. Suliene*, 615 F.3d 847, 851 (7th Cir. 2010); *see also Johnson v. Doughty*, 433 F.3d 1001, 1006 (7th Cir. 2006). Nevertheless, the district court has discretion under 28 U.S.C. § 1915(e)(1) to recruit counsel for an indigent litigant. *Ray v. Wexford Health Sources, Inc.*, 706 F.3d 864, 866–67 (7th Cir. 2013).

When a *pro se* litigant submits a request for assistance of counsel, the Court must first consider whether the indigent plaintiff has made reasonable attempts to secure counsel on his own. *Navejar v. Iyiola*, 718 F.3d 692, 696 (7th Cir. 2013) (citing *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007)). If so, the Court must examine "whether the difficulty of the case—factually and legally—exceeds the particular plaintiff's capacity as a layperson to coherently present it." *Navejar*, 718 F.3d at 696 (quoting *Pruitt*, 503 F.3d at 655). "The question...is whether the plaintiff appears competent to litigate his own claims, given their degree of difficulty, and this includes the tasks that normally attend litigation: evidence gathering, preparing and responding to motions and other court filings, and trial." *Pruitt*, 503 F.3d at 655. The Court also considers such factors as the plaintiff's "literacy, communication skills, education level, and litigation experience." *Id.*

In the instant case, the minimal information provided does not allow the Court to determine if Plaintiff has made *reasonable* attempts to obtain counsel on his own. Further, Plaintiff's level of education and pleadings filed to date do not suggest that the recruitment of counsel is warranted. At this juncture, the Court is merely concerned with whether this action can get out of the gate, so to speak. All that is required is for Plaintiff to provide an amended complaint that includes sufficient factual content regarding the alleged constitutional violations and the individuals associated with the alleged violations. Plaintiff alone has knowledge of these

facts, and no legal training or special knowledge is required to set them down on paper. Therefore, the Motion for Recruitment of Counsel (Doc. 3) is **DENIED** without prejudice. The Court will remain open to appointing counsel as the case progresses.

### Disposition

**IT IS HEREBY ORDERED** that the Complaint is **DISMISSED without prejudice.**

Plaintiff is **GRANTED** leave to file a "First Amended Complaint" on or before September 13, 2017. Should Plaintiff fail to file his First Amended Complaint within the allotted time or consistent with the instructions set forth in this Order, the entire case shall be dismissed with prejudice for failure to comply with a court order and/or for failure to prosecute his claims. FED. R. APP. P. 41(b). *See generally Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915(e)(2).

Should Plaintiff decide to file a First Amended Complaint, it is strongly recommended that he use the forms designed for use in this District for such actions. He should label the form, "First Amended Complaint," and he should use the case number for this action (*i.e*. 17-cv-558-MJR).

To enable Plaintiff to comply with this Order, the **CLERK** is **DIRECTED** to mail Plaintiff a blank civil rights complaint form.

An amended complaint supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n. 1 (7th Cir. 2004). The Court will not accept piecemeal amendments to the original Complaint. Thus, the First Amended Complaint must stand on its own, without reference to any previous pleading, and Plaintiff must re-file any exhibits he wishes the Court to consider along with the First Amended Complaint. The First Amended Complaint is subject to review pursuant to

28 U.S.C. § 1915(e)(2).

Plaintiff is further **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $350.00 remains due and payable, regardless of whether Plaintiff elects to file a First Amended Complaint. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this Order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

**DATED: August 16, 2017**

s/ Micheal J. Reagan
**Chief Judge**
**United States District Court**